STEPHEN A. SOMMERS, SBN #225742
PARKER R. WHITE SBN #95579
**CLAYEO C. ARNOLD, PC**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: ssommers@justice4you.com
Email: pwhite@justice4you.com
Email: nico@justice4you.com

Attorneys for PLAINTIFF
*JANE DOE*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE<br><br>    PLAINTIFF,<br><br>vs.<br><br>COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, JOHN B. ROBERTSON (in his individual and official capacities), THOMAS A. FERRARA (in his individual and official capacities), BRADLEY DEWALL (in his official and individual capacities), and JACKSON HARRIS (in his official and individual capacities),<br><br>    DEFENDANTS. | Case No.: 2:25-at-0194<br><br>**MOTION TO PROCEED UNDER A PSEUDONYM; DECLARATION OF STEPHEN A. SOMMERS** |

To the Court, All Parties, and Counsel of Record: PLEASE TAKE NOTICE

Plaintiff JANE DOE ("PLAINTIFF") will at the time set by the Court and does hereby move for an order permitting plaintiff to proceed under a pseudonym.

In general, a complaint must state the names of all parties. *See,* Fed. R. Civ. P. 10(a); 17(a). However:

> In the Ninth Circuit, a party may proceed with the use of a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.' " Advanced Textile Corp., 214 F.3d at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981) (alteration in quoting source)). The Ninth Circuit held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.
>
> Courts have generally allowed a party to proceed with anonymity in three circumstances: "1) when identification creates a risk of retaliatory physical or mental harm[;]" 2) where it is necessary "to preserve privacy in a matter of sensitive and highly personal nature[;]" and 3) where the party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]" *Advanced Textile Corp.*, 214 F.3d at 1068 (internal citations omitted).
>
> *Doe v. United States Citizenship and Immigration Services,* 1:21-cv-00576-NE-SAB, 8 (E.D. Cal. May. 31, 2021)

As pled in the Complaint (at ECF No.1), PLAINTIFF, a peace officer, is employed by Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE, and was sexually harassed, assaulted, and raped multiple times by a more senior peace officer, Defendant JOHN B. ROBERTSON who is also employed by Defendants COUNTY OF SOLANO and SOLANO COUNTY SHERIFF'S OFFICE (and who was at times her supervisor and/or, alternatively her de facto supervisor). *See* ECF No.1, Complaint, ¶¶ 47-49.

Thereafter, PLAINTIFF was retaliated against by Defendants COUNTY OF SOLANO, SOLANO COUNTY SHERIFF'S OFFICE, JOHN B. ROBERTSON, THOMAS A. FERRARA, BRADLEY DEWALL, and JACKSON HARRIS, and each of them, for engaging in protected activities that include but are not limited to: filing a police report with Vacaville Police Department in December 2024; providing a comprehensive written statement to internal affairs

investigators in or about March 2025; repeatedly requesting an interview with the internal affairs investigator, for months before PLAINTIFF was actually interviewed, in May 2025; challenging the departments misrepresentations of the investigation's purported findings; reporting ROBERTSON's many violations of "stay away" orders; sending detailed complaint emails regarding the matters herein alleged, in or around May 2025; and filing a complaint regarding ROBERTSON with California Commission on Peace Officer Standards and Training (POST), in or about May 2025, because the Department failed to do so; and filing formal HR complaint in or about June 27, 2025 regarding the many forms of retaliation that PLAINTIFF was experiencing. *See* ECF No.1, Complaint, ¶¶ 77-112.

Based on my in-person and other interviews of PLAINTIFF, my professional experience, and familiarity with the needs of sexual violence victims in the context of rights-vindication, I believe that PLAINTIFF will suffer substantial harm if her name is publicly released in the docket, particularly at the early stages of this matter.  *See,* Declaration of Stephen A. Sommers, below. Understandably, PLAINTIFF has suffered trauma from the experiences set forth in the Complaint. *See id.*  This case is likely to receive a measure of publicity such that putting her name in the docket at the outset increases the chances that her name will be published in a conspicuous manner that causes her to be embarrassed and cause setbacks in her ongoing recovery.  *See id.*

PLAINTIFF has already served all Defendants with the California Civil Rights Department administrative complaint in this matter. *See id.*, ¶ 11.  Said administrative complaint discloses PLAINTIFF's true legal name.  In this way, Defendants and each of them are, or should be, subjectively aware of PLAINTIFF's identity. *See id.*  Further, the Complaint is drafted in a manner that allows PLAINTIFF to serve an unredacted copy of the Notice of True Legal Name document (at ECF No.1-1) to ensure that Defendants have actual knowledge of the name of PLAINTIFF throughout the entire matter.  *See id.*  PLAINTIFF has already committed to providing such notice in the Notice of True Legal Name document.  In this way there is no prejudice to any Defendant, but PLAINTIFF's legitimate need for privacy and healing is respected.

If the Court allows PLAINTIFF to proceed under a pseudonym, PLAINTIFF shall promptly file a motion to file the unredacted versions of the Notice of True Legal Name under seal.

Respectfully submitted,

Date: October 30, 2025                              ARNOLD LAW FIRM

                                                    By:    /s/ Stephen A. Sommers
                                                           Stephen A. Sommers
                                                           Attorneys for PLAINTIFF JANE DOE

4
MOTION TO PROCEED UNDER A PSEUDONYM

**DECLARATION OF STEPHEN A. SOMMERS**

I, Stephen A. Sommers, declare the following to be true:

1. I am an attorney licensed to practice in California and am admitted to practice before the U.S. District Court for the Eastern District of California. I practice at the Arnold Law Firm in Sacramento. I am counsel of record for PLAINTIFF JANE DOE ("PLAINTIFF") in this matter. In that role, I have diligently conducted an initial investigation into the facts and circumstances of the case. My investigation has included personally interviewing PLAINTIFF, receipt and careful review of pertinent documentation and evidence, review of select records, and consultation with other attorneys as to the merits and circumstances of this matter.

2. In 2003, I became a licensed attorney. In that time, I have represented victims of violence and sexual violence on many occasions, women who have been subjected to sexual harassment and sexual assault, and through that work have acquired a base of professional knowledge related to the presentation of sexual abuse victims, critical review of meritorious and non-meritorious claims at the case-intake stage, and the general medical-legal issues, psychological trauma, and presenting behaviors in sexual violence victims.

3. I make the factual statements herein based on my work on this matter and my professional training and experience.

4. PLAINTIFF presented in person to me in a fashion consistent with a person undergoing trauma and presents significant concern regarding the retention of her employment as a peace officer. I noted in interviewing PLAINTIFF and studying the available documents and evidence in her case that she reflected certain behaviors that are common with survivors of sexual assault and with the associated trauma. Specifically, and among other things, she desires for her identity to be protected from public exposure in Court filings, so that she is not personally and professionally exposed to unnecessary danger and/or further retaliation regarding this sensitive and serious matter.

5. In my view, PLAINTIFF'S conduct in desiring her anonymity in this public forum is consistent with the emotional distress and trauma from the months-long pattern of rape, intimidation, and retaliation, as alleged in the Complaint. *See* ECF No.1, Complaint, ¶¶ 42-115.

Her fear of further retaliation from beyond her employer is understandably amplified by: (a) the nature of her profession, (b) until recently she had no legal counsel in any forum, and (c) the Defendant's purported investigation into this matter has dragged on and has been misrepresented to her by those in authority positions within the Department.

6. In my experience, litigation of sexual violence cases are especially difficult for victims. Public scrutiny of sexuality, blaming the victim, and the unfortunate tendency of defense counsel to portray victims as promiscuous and "crazy" causes substantial harm to the wellbeing and careers of sexual violence victims. *See, e.g.,* https://iris.who.int/bitstream/handle/10665/77434/;jsessionid=2C4D13EE63D933832FA8F77F513378A7?sequence=1 [World Health Organization stating "There are many logical reasons women do not report sexual violence, including: inadequate support systems; shame; fear or risk of retaliation; fear or risk of being blamed; rear or risk of not being believed; fear or risk of being mistreated and/or socially ostracized."]

7. Additionally, it is reasonably likely that there will be some level of public discourse in this case, given coverage of the negative news stories regarding the Solano County Sheriff's Office over the past five years:

- <u>$17M excessive-force settlement</u>. *See* Associated Press, *California woman violently arrested by sheriff's deputies secures $17 million settlement* (Sept. 30, 2025), https://apnews.com/article/64deb86af764162a7583c279bddfca9b;

- <u>Federal RICO suit names Sheriff Tom Ferrara</u>. *See* Suisun Marsh News, *Solano County Officials Named in Explosive Federal RICO and Land Takings Lawsuit: Sheriff Ferrara, Wetlands Director Chappell, ...* (posted 2025), https://www.facebook.com/suisunmarshnews/posts/solano-county-officials-named-in-explosive-federal-rico-and-land-takings-lawsuit/1221831729943610/;

- <u>CalPERS audit: eight retired-annuitant deputies out of compliance; terminations ordered (2025)</u>. *See* Vallejo Sun, *Supervisors delay vote on sheriff's contract for Vallejo amid new snags* (June 24, 2025), https://www.vallejosun.com/solano-supervisors-delay-vote-on-sheriffs-contract-for-vallejo-amid-new-snags;

- <u>2022: Deadliest year in Solano jails since 1998</u>. *See* Vallejo Sun, *2022 was deadliest year in Solano County jails in 24 years* (Dec. 19, 2022), https://www.vallejosun.com/2022-was-deadliest-year-in-solano-county-jails-in-24-years/;

- Deputies' ties to "Three Percenters"; Sheriff declined internal probe. *See* Open Vallejo, *Amid calls for investigation, sheriff stands by deputies who displayed militia support* (Mar. 9, 2021), https://openvallejo.org/2021/03/09/amid-calls-for-investigation-sheriff-stands-by-deputies-who-displayed-militia-support/.

- FBI publicly rebuffed Sheriff's claim it "cleared" deputies. *See* Open Vallejo, *FBI rebuffs sheriff's claim it cleared deputies of extremist ties* (Apr. 26, 2021), https://openvallejo.org/2021/04/26/fbi-rebuffs-sheriffs-claim-it-cleared-deputies-of-extremist-ties/.

- Push for AB 1185 civilian oversight rejected by Supervisors. *See* Vallejo Sun, *Supervisors decline to enact oversight of Solano sheriff's office* (Nov. 3, 2021), https://www.vallejosun.com/supervisors-decline-to-enact-oversight-of-solano-sheriffs-office/.

- Sex-harassment discipline controversy: IA urged termination; sheriff imposed demotion. *See* Vallejo Sun, *Solano Sheriff declined to fire sergeant accused of harassment, disregarding IA recommendation* (Sept. 20, 2021), https://www.vallejosun.com/solano-sheriff-declined-to-fire-sergeant-accused-of-harassment-disregarding-ia-recommendation/.

8.     Furthermore, the U.S. Department of Justice, Office of Justice Programs states "Maintaining confidentiality is vital if sexual assault victims are to receive the assistance they need and deserve." https://www.ojp.gov/pdffiles1/Digitization/226501NCJRS.pdf at 1. The Office explains further "If the effects of trauma are disempowerment and disconnection from others, then the objective of recovery is to empower the victim and establish new connections. Confidentiality plays a vital role in the recovery process because it helps establish an environment in which victims feel more comfortable seeking assistance, making connections, and exercising their power within their right to choose what information to share, with whom, when, and how." *Id.* at 5.

9.     In my professional opinion, based on my experience with victims of sexual violence and review of the pertinent literature, coupled with my in-person and other meetings with PLAINTIFF, that PLAINTIFF will experience substantial harm if she is to have her name released in the public docket. Doing so invites reporters and the currently corrosive environment of Internet commenters to speak about PLAINTIFF by name in a way that invades her personal life, and causes both personal and professional embarrassment for her.

10. I have substantial concern that if PLAINTIFF is forced to proceed with her true legal name in the public docket at this stage, she may decline to move forward in the litigation, thereby incurring harm to herself and allowing DEFENDANT ROBERTSON, who has not been criminally prosecuted, as well as the other DEFENDANTS to escape accountability for their actions.

11. PLAINTIFF has already served all DEFENDANTS with the California Civil Rights Department administrative complaint in this matter. Said administrative complaint discloses PLAINTIFF's true legal name. In this way, DEFENDANTS and each of them are, or should be, subjectively aware of PLAINTIFF's identity. Further, the Complaint is drafted in a manner that allows PLAINTIFF to serve an unredacted copy of the Notice of True Legal Name document (at ECF No.1-1) to ensure that DEFENDANTS have actual knowledge of the name of PLAINTIFF throughout the entire matter. PLAINTIFF has already committed to providing such notice in the Notice of True Legal Name document.

The forgoing is true and correct under penalty of perjury pursuant to the laws of the State of California and the United States of America. Executed in Sacramento, California on October 29, 2025.

Signed:     /s/ Stephen A. Sommers
                Stephen A. Sommers